IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNDROW VINEYARDS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>WINE MARKETING GROUP, LLC, et al.,<br><br>    Defendants. | Case No. 19-cv-02192-CRB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Defendant and Counterclaimant Wine Marketing Group, LLC, also known as Wines 'Til Sold Out ("WTSO") has moved for a temporary restraining order ("TRO") and a preliminary injunction to enjoin Plaintiff and Counter-Defendant Johndrow Vineyards, LLC ("Plaintiff") "from communicating, by any means, to third-parties regarding or related to WTSO (including its principals, employees, agents), WTSO's business practices, or any facts or matters related the transaction and dispute presently before this Court." Mot. for TRO and Prelim. Inj. (Dkt. 31). Defendant also filed a Motion to File Documents Under Seal in Support of its Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 32). With the leave of the Court, Scheduling Order (Dkt. 33), Plaintiff has opposed both motions (Dkts. 35, 36). The Court now DENIES both motions.

I. **BACKGROUND**

This case arises out of a dispute between a winemaker, Plaintiff, and IWLC, a wine distributor, and WTSO, a "flash sale site" which "offers wine to retail customers at discount prices." Compl. ¶¶ 8, 10. The Complaint alleges that Defendants contracted to purchase over 10,000 bottles of wine from Plaintiff, but that Defendants failed to pay for

some of that wine. Id. ¶ 11-19. Plaintiffs bring claims for breach of contract and conversion. Id. ¶¶ 20-32.

In the instant motions, WTSO alleges that, since this action has been filed, Plaintiff sent emails to other people working in the wine business "disparaging WTSO with the intent of harming WTSO's business reputation and/or harming its business relations with vendor." Mem. of Points and Authorities in Support of Mot. for TRO and Prelim. Inj. At 3 (Dkt. 31-1). These emails, Plaintiff now contends, were false and defamatory and amount to tortious interference with WTSO's relationship with vendors that Plaintiff contacted. Id. at 5. WTSO thus seeks an order enjoining Plaintiff or its "servants, employees and attorneys and all those in active concert or participation with [WTSO]" from "communicating, by any means, to third-parties regarding or related to WTSO (including its principals, employees, agents), WTSO's business practices, or any facts or matters related the transaction and dispute presently before this court." Mot. for a TRO and Prelim. Inj. Prop. Order (Dkt. 31-6).

## II. MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The same standard applies to motions for TROs. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

When the injunction sought is, as here, an injunction against certain types of speech, see Mot. for a TRO and Prelim. Inj. Prop. Order, the Ninth Circuit has further cautioned that "an injunction issued 'before an adequate determination that it is unprotected by the First Amendment' presents the 'special vice of a prior restraint.'" Overstreet v. United Bhd. of Carpenters & Joiners of Am., Local Union No. 1506, 409 F.3d 1199, 1218 (9th

Cir. 2005) (quoting <u>Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations</u>, 413 U.S. 376, 390 (1973)). Further, a "'heavy presumption' exists against finding such prior restraints constitutionally permissible." <u>Id.</u> (citing <u>Bantam Books, Inc. v. Sullivan</u>, 372 U.S. 58, 70 (1961)).

WTSO fails on the first prong of the <u>Winter</u> test. WTSO alleges that the emails that Plaintiff sent to the other wine merchants "created interference" between WTSO and the other wine merchants with which it works because, in WTSO's view, those emails "included false factual assertions that WTSO engages in improper or fraudulent business practices, and insinuating/recommending that the recipients of the e-mail avoid doing business with WTSO." Mem. of Points and Authorities at 5. This, WTSO states, cause WTSO "irreparable harm" because, in full:

> Johndrow's perfidious e-mail campaign was a concerted effort to convince or dissuade wineries and distributors from conducting business with WTSO. As a wine marketing company, WTSO's business is founded on its relations with the vendors that Johndrow targeted with its emails. Johndrow is sending e-mails to WTSO-critical vendors, in a calculated, unwarranted, and improper effort to paralyze WTSO's ability to conduct business.

<u>Id.</u> at 7.

Even taking on face that this conclusory allegation is sufficient as to Plaintiff's motivations, Plaintiff has failed to show that it will suffer irreparable harm that would necessitate a TRO. <u>See</u> <u>Winter</u>, 555 U.S. at 20. WTSO merely asserts, without citation to any record evidence, that Plaintiff was attempting to injure WTSO's business interests. <u>See</u> Mem. of Points and Authorities at 7. Even if true—and the Court takes no view on Plaintiff's intent—that is a far cry from demonstrating that WTSO actually suffered any injury, let alone an irreparable one. Especially given the "heavy presumption" against prior restraints on speech, <u>see</u> <u>Sullivan</u>, 372 U.S. at 70, WTSO's unsupported statement that it suffered an irreparable injury is wholly inadequate to satisfy the first prong of <u>Winter</u>, 555 U.S. at 20.

Because WTSO has failed to show that it will suffer irreparable harm, the Motion

3

for a Temporary Restraining Order and Preliminary Injunction is DENIED.

**III. MOTION TO FILE DOCUMENTS UNDER SEAL**

In support of its Motion for a Temporary Restraining Order and Preliminary Injunction, WTSO also filed an Administrative Motion to File Documents Under Seal. Specifically, it wishes to file under seal the two emails from Plaintiff to third-party vineyards that formed the basis for its above-discussed motion. Id. at 2.

There is "a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016). To overcome this presumption, the Ninth Circuit has articulated two standards, the "good cause" exception and the higher "compelling reasons" standard, to determine whether a document may be filed under seal. Ctr. for Auto Safety, 809 F.3d at 1097. The parties dispute whether this Motion should be evaluated under the lower "good cause" standard, Opp. to Mot. to File Under Seal at 1-2, or the higher "compelling reasons" standard, Mot. to File Under Seal at 2. However, given that WTSO cannot meet even the lower "good cause" standard, the Court need not resolve this dispute.

"For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002). Then, "[i]f a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Id.

WTSO has not demonstrated that "specific prejudice or harm will result" if the motion is denied. See id. It states only that:

> (1) Johndrow sent the May 21, 2019 and June 5, 2019 e-mails to wine importers and distributors; and (2) that those e-mails contain false and libelous statement[s] regarding WTSO's business practices; and (3) that Johndrow sought to persuade recipients of the May 21, 2019 and June 5, 2019 e-mails against

4

> doing business with WTSO. WTSO is seeking a TRO and preliminary injunction to prohibit Johndrow from continuing to engage in these tactics; however, in doing so, it would like to prevent further dissemination of Johndrow's false and defamatory statements.

Mot. to File Under Seal at 2-3. As with the previously-discussed motion, even assuming favorably for WTSO that the unsupported statements that the emails contained "false and libelous statement[s]," the allegations do not allege any harm or prejudice—let alone a "specific harm or prejudice," <u>Phillips ex rel. Estates of Byrd</u>, 307 F.3d at 1210–11. Accordingly, WTSO has not met the standard to show that there is good cause to file these document sunder seal.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES both the Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 31) and the Administrative Motion to File Under Seal (Dkt. 32).

**IT IS SO ORDERED.**

Dated: July 1, 2019

CHARLES R. BREYER
United States District Judge